STATE OF NEBRASKA, APPELLEE, V. LARRY D. BARNETT, APPELLANT.
511 N.W.2d 150

Filed April 13, 1993.   No. A-92-282.

Thomas M. Kenney, Douglas County Public Defender, and Kelly S. Breen for appellant.

Don Stenberg, Attorney General, and Joseph P. Loudon for appellee.

CONNOLLY, MILLER-LERMAN, and WRIGHT, Judges.

CONNOLLY, Judge.

## I. INTRODUCTION

This appeal arises from the conviction of the appellant for possession of a controlled substance. The appellant had filed a pretrial motion to suppress evidence seized during a warrantless search of his automobile at the police station. The record indicates that the trial court overruled the motion to suppress. On appeal, the appellant argues that the trial court erred in overruling the motion because there was no justification for the warrantless search of the automobile. The State argues, inter alia, that an informant had supplied information providing the police with probable cause to search the automobile for the evidence at issue. We affirm.

## II. FACTS

At approximately 1 p.m. on June 26, 1991, a confidential informant called the Omaha police to report that the appellant, Larry D. Barnett, would be leaving his residence at 3817 Saratoga Street and driving to the area of 30th Street and Ames Avenue to deliver crack cocaine. The record is unclear as to whether the informant was speaking from personal or secondhand knowledge. The informant claimed he had often seen Barnett stuff quantities of cocaine into the molding above

the driver's seat of his car. We will discuss the background of the informant in more detail below in the section entitled "Analysis."

Police placed Barnett's residence under surveillance. In the meantime, police ran a records check and discovered that Barnett's driver's license had been suspended. Barnett drove away from the house in a black Ford Thunderbird. Police stopped the car near 36th Street and Ames Avenue and arrested Barnett for driving under suspension. Barnett was taken to police headquarters, issued a criminal citation, and released.

The car was impounded and towed to the police impound lot. At the impound lot, police searched the car. The officer who had fielded the call from the informant reached into the molding above the driver's seat and found a small quantity of crack cocaine wrapped in newsprint.

The police returned to Barnett's residence and secured it while the events of the day—the informant's call, the arrest, and the discovery of cocaine in the car—were incorporated into an application for a warrant to search Barnett's residence. Prior to the arrival of officers with a search warrant, Barnett attempted to flee the premises, but was apprehended by police. After apprehending Barnett, police found a small quantity of cocaine wrapped in a gum wrapper resting on top of the grass in Barnett's yard. Eventually, officers arrived with the warrant and searched the residence. A piece of brown paper covered with cocaine residue was found in Barnett's bedroom.

Barnett was charged with possession of a controlled substance under Neb. Rev. Stat. § 28-416(3) (Reissue 1989). He pled not guilty and filed a motion to suppress evidence seized during the searches of the car and the residence. The ruling of the trial court on the motion is not preserved in the record, but the record and the briefs of the parties indicate that the motion was overruled. The matter proceeded to trial. Barnett was convicted and sentenced for possession of a controlled substance.

### III. ASSIGNMENTS OF ERROR

Barnett argues that the trial court erred in overruling his motion to suppress physical evidence seized as a result of (1) the

unlawful search of Barnett's automobile and (2) the search of Barnett's home.

## IV. STANDARD OF REVIEW

On a question of law, an appellate court must reach a conclusion independent of that of the trial court. *Nebraska Builders Prod. Co. v. Industrial Erectors*, 239 Neb. 744, 478 N.W.2d 257 (1992).

Statutory interpretation is a matter of law. See *State v. Katzman*, 228 Neb. 851, 424 N.W.2d 852 (1988).

In determining the correctness of a trial court's ruling on a motion to suppress, an appellate court will uphold the trial court's findings of fact unless those findings are clearly erroneous. *State v. Pope*, 239 Neb. 1009, 480 N.W.2d 169 (1992).

In deciding whether a trial court's findings on a motion to suppress are clearly erroneous, an appellate court recognizes the trial court as the trier of fact and takes into consideration that the trial court has observed the witnesses testifying regarding the motion. *Id.*

## V. ANALYSIS

### 1. JURISDICTION

Before addressing Barnett's assignments of error, we address a jurisdictional question raised by the State.

This court does not acquire jurisdiction of an appeal unless within 30 days of the final order (1) timely notice is filed and (2) the required docket fee is paid. See Neb. Rev. Stat. § 25-1912 (Cum. Supp. 1992). An indigent appellant in a criminal case can avoid paying the docket fee by filing a poverty affidavit within 30 days of the final order. See Neb. Rev. Stat. § 29-2306 (Cum. Supp. 1992) (a docket fee is waived in a criminal appeal if within 30 days of sentencing the defendant files an affidavit stating that "he or she is unable by reason of poverty to pay the costs"). Instead of paying the docket fee, Barnett filed a poverty affidavit with his notice of appeal.

The State argues that this court lacks jurisdiction to hear Barnett's appeal because the appeal is supported by a poverty affidavit that does not strictly comply with Neb. Rev. Stat.

§ 25-2301 (Reissue 1989), the statute that authorizes in forma pauperis proceedings and outlines the contents of poverty affidavits for in forma pauperis proceedings. In relevant part, § 25-2301 states that an appeal may be filed

> without prepayment of fees and costs or security, by a person who makes an affidavit that he or she is unable to pay such costs or give security. Such affidavit shall state the nature of the action, defense, or appeal and affiant's belief that he or she is entitled to redress.

Barnett's affidavit reads as follows:

> The undersigned, being first duly sworn on oath, deposes and states that I am the defendant in the above-entitled cause of action; that I am completely without funds or property of any kind which I can use to defend myself; and that, therefore, I request that the costs and fees in connections [sic] with my case be charged to Douglas County, Nebraska, for the reason I am unable to pay said costs.
>
> Further, I request appointment of counsel to represent me and to advise me as to my rights under the law.

In his affidavit, Barnett failed to state his belief that he was entitled to redress. Consequently, the affidavit does not strictly comply with § 25-2301, which requires that "[s]uch affidavit shall state the nature of the action, defense, or appeal *and affiant's belief that he or she is entitled to redress.*" (Emphasis supplied.)

While § 25-2301 applies to poverty affidavits in general, in § 29-2306 the Legislature created a specific, explicit provision dealing with in forma pauperis criminal appeals. Regarding the content of a poverty affidavit in a criminal proceeding, § 29-2306 sets out only one requirement: The affiant must state that "he or she is unable by reason of poverty to pay the costs" of the appeal.

Section 29-2306 has been amended four times since the enactment in 1972 of Neb. Rev. Stat. § 25-2301 et seq. (Reissue 1989), the statutes governing in forma pauperis proceedings. The Legislature has never incorporated into § 29-2306 the poverty affidavit requirements of § 25-2301. This fact becomes crucial to our analysis when we apply the longstanding rule of

statutory construction that a special statute takes precedence over a general statute because the special statute is a specific expression of legislative will concerning a particular subject. See *Murphy v. Spelts-Schultz Lumber Co.*, 240 Neb. 275, 481 N.W.2d 422 (1992). The distinction between the two statutes is further underscored in recent amendments to the Nebraska Supreme Court and Court of Appeals rules of practice and procedure, which refer to poverty affidavits filed pursuant to *either* § 29-2306 *or* § 25-2301 et seq. See Neb. Ct. R. of Prac. 1A and 1G(1)b (rev. 1992).

We hold that the requisite contents of poverty affidavits filed in criminal appeals are described in § 29-2306, without reference to § 25-2301. For criminal appeals, in order to be effective for content, a poverty affidavit is valid if it satisfies one requirement: The affiant must state that he or she is unable by reason of poverty to pay the costs of the appeal. Barnett has satisfied this requirement. Therefore, this court has jurisdiction to hear his appeal.

The State relies on our decision in *State v. Martin*, 2 NCA 266 (1993), in arguing that this court lacks jurisdiction to hear Barnett's appeal. The State's argument fails because in *Martin* we incorrectly stated that § 25-2301 sets out the contents required for poverty affidavits in criminal appeals. For the reasons discussed above, § 29-2306 sets out the contents required for poverty affidavits in criminal appeals. We note that the result in *Martin* would remain the same under our holding today. Even under § 29-2306 alone, appellant Martin's affidavit was defective because he failed to state that he was unable to pay the costs of the appeal.

## 2. SEARCH OF THE AUTOMOBILE

The warrantless search of Barnett's car at the police station was not conducted incident to an arrest, and it clearly exceeded the scope of an inventory search. Probable cause is the only possible justification for the search.

If there was probable cause to search Barnett's car at the scene of the arrest, then the search at the police station was constitutional. When police officers have probable cause to believe that there is contraband inside an automobile that has

been stopped on the road, the officers may conduct a warrantless search of the vehicle, even after it has been impounded and is in police custody. *Michigan v. Thomas* 458 U.S. 259, 102 S. Ct. 3079, 73 L. Ed. 2d 750 (1982). Where probable cause exists for the arrest of an individual in a motor vehicle and at that time probable cause also exists to search the vehicle, then a search of the vehicle made at the police station a short time later is not unreasonable, even if made without a warrant. *State v. McGuire*, 218 Neb. 511, 357 N.W.2d 192 (1984). If probable cause justifies the search of a lawfully stopped vehicle, it justifies the search of every part of the vehicle and its contents that may conceal the object of the search. *Id.*

A warrantless search is not unreasonable if it is based on facts that would have justified the issuance of a warrant. *United States v. Ross*, 456 U.S. 798, 102 S. Ct. 2157, 72 L. Ed. 2d 572 (1982). In the case at bar, the warrantless search was based on facts provided by an informant. Therefore, we apply the rules that govern issuance of a search warrant based on information provided by an informant.

When a search warrant is obtained on the strength of an informant's information, the affidavit in support of the issuance of the warrant must (1) set forth facts demonstrating the basis of the informant's knowledge of criminal activity and (2) establish the informant's credibility. *State v. Utterback*, 240 Neb. 981, 485 N.W.2d 760 (1992). The issuing magistrate must make a practical, commonsense decision whether, given the totality of the circumstances, there is a fair probability that contraband will be found in a particular place. *Id.*

(a) Basis of Knowledge

The informant called police on June 26, 1991, to inform them that Barnett was preparing to leave his residence and drive to the area of 30th Street and Ames Avenue to sell crack cocaine. The informant told police that in the past Barnett had hidden cocaine in the molding above the driver's seat of his car. The basis of the informant's knowledge of Barnett's plans and method of operation was his observation of previous drug transactions in which Barnett had been involved. The

informant told police that between the second week of May 1991 and June 26 he had observed Barnett make at least three sales of cocaine from either his residence or his car. The informant claimed to have been in Barnett's residence during the second week in May, where he witnessed a sale of cocaine by Barnett. The informant also said that Barnett used his own car and rental cars to make cocaine deliveries.

### (b) Credibility

The informant knew from personal experience what cocaine looked like and how it was packaged. The informant had worked with the police for $1\frac{1}{2}$ months prior to the arrest of Barnett. During that time, under the direct supervision of the police, the informant had made purchases of cocaine in powdered and crack form, which purchases led to two felony arrests. Perhaps most importantly, the informant was paid for his information only if the information proved to be accurate.

### (c) Fair Probability

Although the order overruling the motion to suppress is not included in the record, we assume the trial court found that the information supplied by the informant provided the probable cause necessary to justify the search of Barnett's car. See *Carlson v. Nelson*, 204 Neb. 765, 285 N.W.2d 505 (1979) (general finding for certain party warrants conclusion that trial court found in that party's favor on all issuable facts).

Barnett argues that the information of the informant would have been more fully corroborated if the police had allowed Barnett to proceed to 30th Street and Ames Avenue. That is true. However, even without further corroboration of the informant's information, we do not find clearly erroneous the trial court's determination that, given the totality of the circumstances, there was a fair probability that the police would find crack cocaine hidden in Barnett's car in the molding above the driver's seat. Therefore, we affirm the judgment of the trial court overruling the motion to suppress the evidence seized during the search of Barnett's car.

### VI. CONCLUSION

We do not reach Barnett's assignment of error regarding the

search of the house, nor do we reach the State's question of whether Barnett raised timely objections to the evidence at issue.

Barnett was charged and convicted of one count of possession of a controlled substance. The valid search of the car produced admissible evidence to support the charge and conviction. There is no need to address the issues raised by the subsequent search of Barnett's house because the outcome of Barnett's case is the same regardless of whether the warrant and search of the house were valid.

We have affirmed the trial court's judgment overruling the motion to suppress the cocaine seized from Barnett's car. That evidence was admissible, so there is no need to address the question of whether Barnett raised a timely objection to its offer into evidence. Evidence seized from Barnett's house is cumulative, and analysis of the timing of Barnett's objections to that evidence would not affect the disposition of the case.

AFFIRMED.