REQUESTED BY: Harold Clarke, Director Nebraska Department of Correctional Services
You have requested an Attorney General's Opinion regarding the application of Neb. Rev. Stat. § 71-8401 et seq. (Supp. 1999) when an inmate requests his or her medical records. Specifically, you have asked whether the provisions of Neb. Rev. Stat. §§ 71-8401
through 8407 or Neb. Rev. Stat. § 83-178 control when an inmate committed to the Department of Correctional Services requests the release of his or her medical records.
As further enumerated below, it is the opinion of this office that Neb. Rev. Stat. § 83-178 controls and therefore the Nebraska Department of Correctional Services should not release inmate medical records to an inmate upon his or her request.
Pursuant to Neb. Rev. Stat. § 83-178, the director of DCS is required to maintain an individual file for each person committed to DCS. This office has previously given the opinion that inmate medical and psychological records must be maintained in an inmate's individual file. Attorney General Opinion No. 95090,dated November 21, 1995. Therefore, under Neb. Rev. Stat. §83-178(2), inmate medical records, "shall not be subject to public inspection except by court order and for good cause shown and shall not be accessible to any person committed to the department."
Neb. Rev. Stat. §§ 71-8401 through 8407 are the general statutes regarding a patient's access to medical records. Pursuant to Neb. Rev. Stat. § 71-8403 (Supp. 1999):
A patient may request a copy of the patient's medical records or may request to examine such records. Access to such records shall be provided upon request pursuant to § 71-8401 to 71-8407 . . . . Upon receiving a written request for a copy of the patient's medical records under subsection (1) of this section, the provider shall furnish the person making the request a copy of such records not later than 30 days after the written request is received. . . .
Thus, it appears that a conflict exists between the terms of §83-178 and § 71-8401 et seq. as they pertain to the release of medical records.
There exists a long-standing principle of statutory construction that a specific statute takes precedence over a general statute because a specific statute is a specific expression of legislative will concerning the subject. See State v. Barnett,1 Neb. App. 708, 511 N.W.2d 150 (1993); Nebraska EqualOpportunity Commission v. State Employee Retirement Systems,238 Neb. 470, 471 N.W.2d 398
(1991). Since § 83-178 is more specific in terms of DCS inmate records than § 71-8401 et seq., it controls to the extent a conflict may arise as to whether an inmate may gain access to his or her medical records contained within the inmate file. Accordingly, an inmate who is in the custody of DCS may not gain access to his or her medical records through the provisions set forth in Neb. Rev. Stat. § 71-8401 et seq.
In conclusion, it is the Attorney General's opinion that an inmate may not gain access to his or her medical records through the provisions of Neb. Rev. Stat. § 71-8401et seq.
Sincerely yours,
DON STENBERG Attorney General
Jennifer M. Amen Assistant Attorney General