**Sarah Ann HORACEK et al.,
Plaintiﬁ .,**

**v.**

**James J. EXON et al., Defendants.**

**No. CV72–L–299.**

United States District Court,
D. Nebraska.

March 22, 1973.

Bruce G. Mason, Omaha, Neb., for plaintiffs.

Mel Kammerlohr, Asst. Atty. Gen., Lincoln, Neb., for defendants.

## MEMORANDUM AND ORDER ON MOTION TO DISMISS

URBOM, Chief Judge.

This matter is before the court on the defendants' motion to dismiss, filing No. 4.

The plaintiffs, represented through their parents, have brought a civil rights action pursuant to 42 U.S.C. § 1983, on behalf of themselves and all other persons similarly situated, alleging that the physical conditions, care, treatment and training provided by the defendants at the Beatrice State Home for the mentally retarded do not meet constitutional standards. Specifically, the plaintiffs allege that they have not received a constitutionally minimal level of habilitation; that their commitment to the Beatrice State Home has deprived them of due process, in that less restrictive community alternatives are available which would provide them adequate care, treatment, education and training with far less restrictions upon personal liberty and the exercise of constitutional rights; that they are being denied equal protection of the law by unreasonable classifications which deny them rights and benefits which others similarly situated have; and that certain practices by the defendants constitute a form of involuntary servitude and cruel and unusual punishment. The plaintiffs request declaratory and injunctive relief pursuant to 28 U.S.C. §§ 1651, 2201 and 2202, and 42 U.S.C. § 1983.

The defendants' motion to dismiss is bottomed on the assertion that the complaint fails to state a claim upon which relief may be granted; that the court lacks jurisdiction over the subject matter, since the complaint fails to raise a substantial federal question; and that the complaint fails to present any justiciable issue which could appropriately be adjudicated by this court.

The question facing this court is whether on the facts alleged in the

plaintiffs' complaint a claim for relief has been presented which is cognizable for review under the Civil Rights Act. The defendants maintain that no federally protected right has been denied the plaintiffs, because there is no constitutional requirement that the state provide the plaintiffs with habilitative treatment at the Beatrice State Home. Moreover, the defendants assert that whether a state shall provide a particular governmental service, and the quality and quantity of that service, are questions of state, rather than federal, constitutional law.

■■ For purposes of evaluating the defendants' motion, this court must determine whether the plaintiffs could prove no set of facts in support of their claim which would entitle them to relief. Conley v. Gibson, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957); cf. Haines v. Kerner, 404 U.S. 519, 521, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972). Taking the allegations as true for purposes of this motion, I am convinced that the plaintiffs have stated at least one claim which is cognizable for review under the Civil Rights Act. The allegations that the conditions of confinement at the Beatrice State Home are violative of the Eighth Amendment's ban on cruel and unusual punishment would appear to fall within the purview of the Civil Rights Act. It must be noted that the ban on cruel and unusual punishment applies not only to sentences imposed in judicial proceedings, but to conditions of confinement as well. See, Sawyer v. Sigler, 320 F.Supp. 690 (U.S.D.C.Neb.1970), aff'd, 445 F.2d 818 (C.A. 8th Cir. 1971); Lollis v. New York State Department of Social Services, 322 F.Supp. 473 (U.S.D.C.S.D.N.Y.1970). I cannot say as a matter of law at this stage of the litigation that the plaintiffs will be unable to muster facts in support of their claims that the conditions at the Beatrice State Home are cruel and unusual. At the very least, the plaintiffs should be given an opportunity to offer evidence on this allegation.

With respect to the other allegations of the plaintiffs, it is clear that serious question has been raised by federal courts in other jurisdictions concerning the applicability of the Civil Rights Act in redressing grievances of persons confined, either voluntarily or involuntarily, in state institutions for the mentally retarded. See, Wyatt v. Stickney, 325 F.Supp. 781 (U.S.D.C.M.D.Ala.1971); Wyatt v. Stickney, 334 F.Supp. 1341 (U.S.D.C.M.D.Ala.1971); Burnham v. Department of Public Health of the State of Georgia, 349 F.Supp. 1335 (U.S.D.C.M.D.Ga.1972); cf. Martarella v. Kelley, 349 F.Supp. 575 (U.S.D.C.S.D.N.Y.1972); note, Rouse v. Cameron, 125 U.S.App.D.C. 366, 373 F.2d 451 (C.A.D.C.1966) (habeas corpus action relating to selected provisions of the D.C.Code, 1961); and "The Mentally Ill and the Right to Treatment," 36 Chi.L.Rev. 742 (1969). Recent decisions in this area indicate that courts differ on the question of whether there is a constitutional right for persons to be given habilitative treatment at state institutions for the mentally retarded, and whether due process, equal protection, or the Eighth Amendment's ban on cruel and unusual punishment entitle such persons to bring their allegations under the Civil Rights Act. Needless to say, the issues presented herein are of a sensitive nature, both as to their legal and moral overtones, but this memorandum is not fashioned to deal with the possible ramifications of the plaintiffs' theories, since it is enough to say that they should be given an opportunity to present evidence.

■ As to the matter of the justiciability of the plaintiffs' allegations, it appears that the defendants question whether this court could render with any specificity an order which would resolve the controversy. The *Wyatt* case, supra, indicates that at least one federal district court judge has taken the view that affirmative and corrective orders can be fashioned in a dispute of this nature. While I in no way suggest that

this court would take the same approach, I am confident that this court could render an order prohibiting certain conduct at the Beatrice State Home if that conduct is shown to be in violation of the constitutional rights of the plaintiffs. The defendants further imply in their brief that the case presents purely political considerations, in that the state is the sole judge of the quality of its public services and whether to provide such services at all. While there is certainly public policy involved in a dispute of this nature, I also find that the allegations in the complaint, especially those dealing with cruel and unusual punishment, present questions of federal law. I am not convinced that the case presents political questions only or that constitutional questions are absent. Another aspect of justiciability, that dealing with whether the case presents a case or controversy, has not been briefed by the defendants and deserves little mention here since it clearly appears that the plaintiffs have not presented this court with an abstract set of hypothetical facts. Instead, there appears to be a concrete dispute between the parties relating to the care and treatment given at the Beatrice State Home. Accordingly, I conclude that the issues presented by the plaintiffs are justiciable.

■ The court has raised one further issue which must be resolved before the case can continue. The parents of certain children residing at the Beatrice State Home have brought this action on behalf of their children. The question now is whether the parents of the named plaint⸵f⸵'s are the proper parties to represent ⸏e interests of the named plaintiffs. I cannot be insensitive to the possibility that the interests of the parents may conflict with those of the children residing at the Beatrice State Home. While the parents in all good conscience may desire one remedy, or a specific type or style of treatment for their children, it would not necessarily be in the best interests of the children. Therefore, it seems to me that a discreet course would be to provide for the appointment of a guardian ad litem, who would not displace the parents as representatives of the plaintiffs but would be alert to recognize potential and actual differences in positions asserted by the parents and positions that need to be asserted on behalf of the plaintiffs. Accordingly, an order shortly will be entered, making the appointment under Rule 17(c) of the Federal Rules of Civil Procedure.

It hereby is ordered:

1. That the defendants' motion to dismiss, filing No. 4, is denied; and

2. That the motion to intervene as amicus curiae, filed by the National Center for Law and the Handicapped, filing No. 9, is granted.