In re Guardianship of James Michael Jonas,
an incapacitated person.
Richard Douglas McClain, appellant, v.
Paul L. Douglas, Attorney General, ex rel.
State of Nebraska, Department of Public
Institutions, appellee.

318 N.W.2d 867

Filed April 30, 1982. No. 43945.

Richard Douglas McClain, pro se.

Paul L. Douglas, Attorney General, and John Boehm, for appellee.

Heard before Krivosha, C.J., Boslaugh, McCown, Clinton, White, Hastings, and Caporale, JJ.

Hastings, J.

This appeal involves the appointment of Richard Douglas McClain as guardian ad litem for James Michael Jonas, a mentally incapacitated person, and an order fixing fees for the services rendered by McClain in that capacity. The county court fixed

and approved fees for McClain, and McClain in turn appealed that order to the District Court. The District Court reversed and vacated the order and dismissed the appeal, and McClain appeals that action to this court.

James Michael Jonas had been a resident-patient of the Beatrice State Home since sometime prior to May 20, 1954. On that date, Gerald Jonas, the father, was appointed by the county court of Dakota County as the guardian for James. On April 27, 1978, the guardian, through McClain, his attorney, filed an application in the county court, alleging that a proceeding was pending before the Department of Public Institutions of the State of Nebraska to administratively remove James from the Beatrice State Developmental Center for placement in a community-based program outside the control of the Department of Public Institutions. The application went on to request that McClain be appointed as "attorney for said James Jonas in said proceedings and also as guardian ad litem, if necessary, all at government expense." Following a hearing, the county court entered an order (on the 9th day of June 1978) appointing Richard D. McClain "at government expense" as attorney and guardian ad litem for James Jonas. Although the record does not disclose that the director of the Department of Public Institutions was either served with notice of that hearing or appeared at the same, nevertheless, on June 20, 1978, the director filed a motion to amend or vacate the order of appointment. This motion was overruled by the county court on July 12, 1978, and the guardian ad litem was directed to file objections to the "transfer of said ward from the Beatrice Home." No appeal was taken from that order.

The source of the present litigation may be found in the case of *Horacek v. Exon*, the preliminary proceedings of which are reported at 357 F. Supp. 71 (D. Neb. 1973). That case was an action brought under

the Civil Rights Act against state officials by certain parents of and on behalf of children at the Beatrice State Home. It was alleged that conditions of confinement were violative of the eighth amendment's ban on cruel and unusual punishment. Eventually, a settlement was entered into by the various parties and approved by the court. That agreement provided, among other things, for periodic evaluations to determine the most appropriate manner to transfer residents of the Beatrice State Home to community mental health facilities. Additionally, it provided that in the event that either the parent or legal guardian of any resident of the home objected to the transfer, a due process hearing should be had, which was to include appointment of competent counsel to represent the mentally retarded person.

Following the completion of the "due process" hearings, which were apparently held before a hearing examiner of the Department of Public Institutions, but are not contained in this record, McClain filed an application in the county court of Dakota County seeking fees for himself for services rendered in those proceedings. A hearing was had on that application on December 11, 1979, and on May 7, 1980, the county court entered an order which "fixed and approved" fees for McClain in the amount of $3,100 but directed that the fees were "not the obligation of Dakota County, Nebraska, but are the expense of some other governmental body." McClain appealed that order to the District Court, which reversed the order of the county court.

The effect of the order of reversal entered by the District Court was that the county court lacked subject matter jurisdiction to appoint McClain as guardian ad litem.

It is McClain's position that the action of the county court was justified by Neb. Rev. Stat. §§ 30-2628, 30-2222, 25-310, and 25-307 (Reissue 1979), and §§ 83-383 and 83-387 (Reissue 1976). The sections

found in Chapter 83 relate to the situation where the Department of Public Institutions initiates guardianship proceedings to facilitate the admission of a disabled person to a residential mental health facility. Those sections provide that if the disabled person is without the means to pay the costs, including attorney fees, the Department of Public Institutions shall pay the same upon presentation of a proper claim by the judge of the county court in which the proceedings were commenced. As an aside, we note that Neb. Rev. Stat. §§ 83-1049, 83-1050, and 83-1051 (Reissue 1976 and Cum. Supp. 1980) do provide for the appointment of counsel for an indigent subject of a petition for commitment upon certification by the mental health board of the subject's indigency to the clerk of the District Court or county court. Counsel is then appointed by the judge of that court and fees are allowed by that same court upon the filing of a proper application. We must conclude that none of the sections found in Chapter 83 are applicable to the present situation.

The provisions of §§ 25-307 and 25-310, urged by McClain, relate solely to a minor ward, not a mentally incapacitated person. Not cited by McClain is Neb. Rev. Stat. § 25-309 (Reissue 1979), which provides, in part, that except as provided by the Nebraska Probate Code, the defense of an *infant* must be by a guardian for the suit, "who may be appointed by the court in which the action is prosecuted, or by a judge thereof, or by a county judge." However, that provision also is limited only to situations involving a minor and has no application to the present action.

Section 30-2222(4) provides in part: "At any point in a proceeding, a court may appoint a guardian ad litem to represent the interest of . . . an incapacitated . . . person . . . if the court determines that representation of the interest otherwise would be inadequate. . . . The court shall set out its reasons for

appointing a guardian ad litem *as a part of the record of the proceeding.*" (Emphasis supplied.) It would seem apparent from the clear language of the statute that this section relates to the appointment of a guardian ad litem in a proceeding before that particular court, not one pending before another body.

We have been unable to find any statutory authority to justify the action taken by the county judge in this case. While it is true that every court has inherent power to appoint a guardian ad litem to represent an incapacitated person in proceedings before that court, that power does not extend to the appointment of such guardian for the purpose of managing litigation in another court or tribunal, except for necessary appeals. *King v. Emmons,* 283 Mich. 116, 277 N.W. 851 (1938).

This court has addressed the subject of fees for the services of a guardian ad litem on several occasions. "The fees of a guardian ad litem are chargeable as costs in cases which involve minors or incompetents in litigation. It would seem, therefore, that the fees of a guardian ad litem should be taxed as costs in the court or courts in which his services were rendered." *White v. Ogier,* 175 Neb. 883, 898, 125 N.W.2d 68, 77 (1963). "For performing the duties of a guardian *ad litem* an attorney must look, and look only, for the amount of his compensation to the court, and the compensation allowed the guardian should be taxed as costs in the proceedings and as such collected." *Englebert v. Troxell,* 40 Neb. 195, 210, 58 N.W. 852, 856 (1894). "We can find no authority, and none has been cited, which authorizes the legal fees to be taxed against the State except as a part of the costs. The fact that Gloria [ward] appears to have no property out of which the fees of the de facto guardian ad litem can be paid in a noncriminal proceeding does not furnish any reason for imposing the liability on the State." *State v. Cavitt,* 182 Neb. 712, 722, 157 N.W.2d 171, 178 (1968).

Based on the reasons set forth above, we conclude that the county court was without authority under the facts of this case to appoint a guardian ad litem, or to fix fees in the manner which it did, in light of the circumstances then existing. The judgment of the District Court was correct, and is affirmed.

AFFIRMED.