NOEL HEATHMAN, APPELLANT, V.
MICHAEL KENNEY, APPELLEE.
644 N.W.2d 558

Filed May 24, 2002.   No. S-01-1260.

Noel Heathman, pro se.

Don Stenberg, Attorney General, and J. Kirk Brown for appellee.

HENDRY, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, MCCORMACK, and MILLER-LERMAN, JJ.

MILLER-LERMAN, J.

## NATURE OF CASE

Noel Heathman appeals the order of the district court for Lancaster County denying his request for reimbursement of photocopying expenses he incurred in reproducing appellate briefs required to be filed and served in connection with an in forma pauperis appeal to this court. We reverse, and remand.

## STATEMENT OF FACTS

Heathman filed a petition for a writ of habeas corpus in the district court for Lancaster County against Michael Kenney, warden of the Nebraska State Penitentiary where Heathman is incarcerated. The district court dismissed Heathman's petition, and Heathman appealed the dismissal in case No. S-01-718 currently pending before this court. On June 20, 2001, the district court granted Heathman in forma pauperis status to proceed with his appeal in case No. S-01-718.

Heathman prepared his brief on appeal in case No. S-01-718 and filed it with this court on September 4, 2001. As required by the rules of this court, Heathman filed an original and 16 copies of the brief. See Neb. Ct. R. of Prac. 9B(7) (rev. 2000). As further required by the rules of this court, Heathman served two copies of his appellate brief on the appellee. See rule 9B(6). On October 30, Heathman filed a "Voucher and Request for Reimbursement" with the district court, in which he asserted that he had incurred $108 in photocopying expenses for duplication of his appellate brief and requested that the district court authorize payment from Lancaster County to reimburse him the $108. On October 31, the district court entered an order denying Heathman's request for reimbursement after concluding that Neb. Rev. Stat. § 25-2307 (Cum. Supp. 2000) required the county to pay the costs of only "printed briefs, not the cost of photocopies." (Emphasis in original.) Heathman appeals.

## ASSIGNMENT OF ERROR

Heathman claims that the district court erred in concluding that § 25-2307 does not provide for reimbursing appellants

proceeding in forma pauperis for the expenses of photocopied appellate briefs.

## STANDARD OF REVIEW

■ Statutory interpretation presents a question of law, in connection with which an appellate court has an obligation to reach an independent conclusion irrespective of the decision made by the court below. *Douglas Cty. Bd. of Comrs. v. Civil Serv. Comm.,* *ante* p. 544, 641 N.W.2d 55 (2002).

## ANALYSIS

*Jurisdiction.*

As an initial matter, Kenney questions whether Heathman's request for reimbursement was filed at the appropriate juncture of these proceedings. Kenney concedes that the in forma pauperis statutes, Neb. Rev. Stat. § 25-2301 et seq. (Cum. Supp. 2000), do not indicate the appropriate time to request expenses pursuant to § 25-2307. Kenney suggests that the conclusion of litigation would be a more appropriate time for Heathman to seek reimbursement of expenses. The inference from Kenney's argument is that this court lacks jurisdiction of this appeal.

We have long held that "[a]lthough jurisdiction is vested in the appellate court upon timely filing of a notice of appeal and an affidavit of poverty, some duties are still required of the lower court." *Flora v. Escudero,* 247 Neb. 260, 264, 526 N.W.2d 643, 647 (1995). The duty of ruling on a request for reimbursement of the expense of appellate briefs was required of the lower court notwithstanding the pendency of the appeal, and the time at which Heathman sought a ruling on reimbursement was not incorrect.

The order from which Heathman has taken appeal was an order of the district court denying his request for reimbursement which was entered subsequent to the final judgment in his habeas corpus action. Neb. Rev. Stat. § 25-1902 (Reissue 1995) provides:

An order affecting a substantial right in an action, when such order in effect determines the action and prevents a judgment, and an order affecting a substantial right made in a special proceeding, or upon a summary application in an action after judgment, is a final order which may be vacated, modified or reversed, as provided in this chapter.

■ As a general matter, an order on "summary application in an action after judgment" under § 25-1902 is an order ruling on a postjudgment motion in an action. We conclude that the order denying Heathman's request for reimbursement pursuant to the in forma pauperis statutes was "an order affecting a substantial right made . . . upon a summary application in an action after judgment" and was therefore a final, appealable order. We see nothing in the in forma pauperis statutes or § 25-1902 to the contrary. Accordingly, we determine we have jurisdiction of this appeal.

*Expenses of Photocopied Appellate Briefs.*

Heathman asserts that the district court erred in concluding that § 25-2307 does not require the county to pay the expenses of photocopied as opposed to printed appellate briefs in an appeal in which in forma pauperis status has been granted. Kenney asserts that this court's rules refer variously to "[p]rinted," "[c]omputer-generated," and "typewritten" briefs, see rule 9B(1) and (2), and that under § 25-2307, the county is only required to pay for "printed" briefs. We reject Kenney's argument.

Section 25-2307 provides:

> In any civil or criminal case in which a party is permitted to proceed in forma pauperis, on appeal the court shall direct that the expense of printing of the appellate briefs, if such printing is required by the court, be paid by the county in the same manner as other claims are paid.

The district court concluded, "It is clear that [§ 25-2307] refers only to printed briefs, not the cost of photocopies." On this basis, the district court denied Heathman's request for reimbursement. The district court erred in its interpretation of § 25-2307.

■ In construing a statute, a court must determine and give effect to the purpose and intent of the Legislature as ascertained from the entire language of the statute considered in its plain, ordinary, and popular sense. *City of Lincoln v. Central Platte NRD, ante* p. 141, 638 N.W.2d 839 (2002). When construing a statute, an appellate court must look to the statute's purpose and give to the statute a reasonable construction which best achieves that purpose, rather than a construction which would defeat it. *Henery v. City of Omaha, ante* p. 700, 641 N.W.2d 644 (2002).

The language of § 25-2307 specifically provides that the county must pay "the expense of printing of the appellate briefs, if such printing is required by the court." Pursuant to rule 9B(7), an appellant is required to file an original and 16 copies of the appellant's brief. Pursuant to rule 9B(6), the appellant is required to serve two copies on the appellee. Thus, in order for an appellant to proceed in the Supreme Court or the Nebraska Court of Appeals, the appellant "is required by the court," § 25-2307, to file and serve the requisite number of briefs.

■ The obvious intent of the in forma pauperis statutes is to allow parties access to the courts even though they are unable to pay the costs and associated expenses required to prosecute an action or an appeal. Section 25-2307 specifically provides for reimbursement for the expense associated with mechanically producing the copies of appellate briefs which are required by this court to be filed in the Supreme Court or Court of Appeals and served on the opposing party. A reasonable construction of § 25-2307 is that the expense for which reimbursement is provided covers the copies required by court rules, which copies at this time may be "[p]rinted," "[c]omputer-generated," or "typewritten." See rule 9B(1) and (2). We construe § 25-2307 to refer to the expense of mechanical production of the number of appellate briefs required by this court's rules to be filed and provided to opposing parties in an appeal. We therefore conclude that the expense of photocopying is included in the expense of "printing," which is required under § 25-2307 to be paid by the county when a party has been permitted to proceed in forma pauperis.

Because the district court concluded that the expenses of photocopied briefs were not covered by § 25-2307, it denied Heathman's request for reimbursement without determining what expenses were supported by Heathman's evidence. We therefore reverse, and remand to the district court to determine, consistent with this opinion, the appropriate expense that must be paid by the county to Heathman pursuant to § 25-2307.

## CONCLUSION

We conclude that Heathman's request for reimbursement was not premature and that the order denying such reimbursement was a final, appealable order. We further conclude that the expenses of

photocopying the number of appellate briefs required by this court's rules are included in the expenses of "printing" which are required under § 25-2307 to be paid by the county when a party has been permitted to proceed in forma pauperis. We therefore reverse the order of the district court denying the reimbursement requested by Heathman and remand the cause for further proceedings consistent with this opinion.

REVERSED AND REMANDED.