In re Interest of Valentin V., a child under 18 years of age. Edward H. Matney III, guardian ad litem, on behalf of Valentin V., appellee, v. State of Nebraska, Department of Health and Human Services, appellant.

674 N.W.2d 793

Filed February 10, 2004.   No. A-03-551.

Jon Bruning, Attorney General, and B. Gail Steen, Special Assistant Attorney General, for appellant.

No appearance for appellee.

SIEVERS, INBODY, and MOORE, Judges.

SIEVERS, Judge.

## INTRODUCTION

The State of Nebraska, Department of Health and Human Services (State), appeals the order of the Dakota County Court, sitting as a juvenile court, adjudicating Valentin V. under Neb. Rev. Stat. § 43-247(3)(a) (Cum. Supp. 2002). The issue on appeal is whether a guardian ad litem, appointed in another proceeding and lacking the county attorney's consent, can file a petition in juvenile court to adjudicate a minor. We hold that in such circumstances, a guardian ad litem lacks authority to file such a petition.

## FACTUAL AND PROCEDURAL BACKGROUND

On January 30, 2003, the Dakota County Court in a criminal proceeding appointed attorney Edward H. Matney III to act as guardian ad litem (GAL) for Valentin, a minor child born February 15, 1986, who was charged with criminal impersonation. On February 20, Matney filed a petition in the Dakota County Court, sitting as a juvenile court, alleging that Valentin was a juvenile as described in § 43-247(3)(a) and requesting that Valentin be adjudicated as such. Matney alleged that Valentin was without proper support because both his parents were deceased and that he was in a situation dangerous to life or limb due to a serious injury recently sustained to his arm. The State then filed a motion to quash Matney's petition on the basis that Matney was without authority to file such petition on his own motion without the county attorney's consent. The court denied the motion to quash on March 3 following a hearing on the matter.

The adjudication petition was heard by the county court, sitting as a juvenile court, on April 22, 2003. The court read Valentin his rights, and then Valentin admitted, in response to the court's questions, that all of the allegations of the petition were true. Next, the court asked the county attorney for a factual basis, which the county attorney declined to provide on the ground that it was not his petition. The court then asked Valentin again whether the allegations in the petition were true, and he responded in the affirmative. Thus, the court found that a factual basis existed and that the admissions were "voluntarily and understandingly made." As a result, the court ordered the Department of Health and Human Services to prepare a case plan and court report. The State timely appealed the adjudication order to this court.

## ASSIGNMENTS OF ERROR

The State alleges, restated, that the court erred in (1) allowing Matney to file an adjudication petition in juvenile court and (2) adjudicating Valentin, in that there was no factual basis for the petition.

## STANDARD OF REVIEW

Juvenile cases are reviewed de novo on the record, and an appellate court is required to reach a conclusion independent of the juvenile court's findings. *In re Interest of Joshua R. et al.*, 265 Neb. 374, 657 N.W.2d 209 (2003); *In re Interest of Jaden H.*, 10 Neb. App. 87, 625 N.W.2d 218 (2001). With regard to questions of law, the appellate court is obligated to reach a conclusion independent of the trial court's conclusion. *In re Interest of Ty M. & Devon M.*, 265 Neb. 150, 655 N.W.2d 672 (2003); *In re Interest of Jaden H., supra.*

## ANALYSIS

The State alleges that Matney did not have standing under the Nebraska Juvenile Code, Neb. Rev. Stat. § 43-245 et seq. (Reissue 1998 & Cum. Supp. 2002), to file a petition for the adjudication of Valentin in juvenile court. In the absence of anything to the contrary, statutory language is to be given its plain and ordinary meaning. *In re Interest of J.K.*, 265 Neb. 253, 656 N.W.2d 253 (2003). If the words of the statute are plain, direct, and unambiguous, an appellate court will not resort to interpretation to

ascertain the meaning of those words. See *id.* In construing a statute, a court must determine and give effect to the purpose and intent of the Legislature as ascertained from the entire language of the statute considered in its plain, ordinary, and popular sense. *Heathman v. Kenney*, 263 Neb. 966, 644 N.W.2d 558 (2002). When construing a statute, an appellate court must look to the statute's purpose and give to the statute a reasonable construction which best achieves that purpose, rather than a construction which would defeat it. *Id.* Guided by these principles of statutory interpretation and construction, we turn to the pertinent statutes in the juvenile code.

Two statutes provide authority for filing a petition in juvenile court. Section 43-274(1) states in part:

> The county attorney or any reputable person residing in the county, with the consent of the county attorney, having knowledge of a juvenile in his or her county who appears to be a juvenile described in subdivision (1), (2), (3), or (4) of section 43-247[,] may file with the clerk of the court having jurisdiction in the matter a petition in writing specifying which subdivision of section 43-247 is alleged . . . .

Additionally, § 43-272.01(2)(h) permits a GAL to "file a petition in the juvenile court on behalf of the juvenile."

Although § 43-272.01 allows a GAL to file a petition in juvenile court, it does not address what type of petition, whereas § 43-274 expressly provides the specific method to be followed when filing a petition for adjudication under § 43-247(1) through (4). Clearly, at first blush, the statutes are in conflict. But, to the extent that there is a conflict between two statutes on the same subject, the specific statute prevails over the general statute. *Ways v. Shively*, 264 Neb. 250, 646 N.W.2d 621 (2002). Moreover, when general and special statutory provisions are in conflict, the general law yields to the special, without regard to priority of dates in enacting the same. *Id.* Thus, in accordance with these principles, we find that the portion of § 43-272.01 which allows a GAL to file a petition in juvenile court is merely a general statute allowing a juvenile court-appointed GAL to "petition" the juvenile court for various matters of relief on behalf of the juvenile, typically during the course of an already initiated and ongoing juvenile case. Thus, the general statute, § 43-272.01, must yield

to the specific statute for institution of an adjudication proceeding, § 43-274, which allows the county attorney or any reputable person with the county attorney's consent to file a petition under specific circumstances, including those where the juvenile falls under the jurisdiction of the court based on § 43-247(3), as Matney alleged in the case before us.

We note in passing that after the trial court's decision herein, the Nebraska Legislature amended § 43-274, effective August 31, 2003. The amendment removed the language "or any reputable person residing in the county, with the consent of the county attorney," leaving the county attorney as the only person with authority to file a petition under § 43-247. This fact would seem to bring into play the legal principle of expressio unius est exclusio alterius, a general principle of statutory construction meaning that an expressed object of a statute's operation (such as that a § 43-247(3) petition is to be filed by the county attorney) excludes the statute's operation on all other objects unmentioned by the statute (such as the filing of a § 43-247(3) petition by some other person). See *State v. Brouillette*, 265 Neb. 214, 655 N.W.2d 876 (2003). Had the Legislature intended to allow other persons to file petitions under § 43-247(1) through (4), it would have included those persons in the amended statute and certainly would not have removed the power to file from all persons but the county attorney. Thus, the amendment also supports the notion that prior to the amendment, the power to file a petition to adjudicate a juvenile under § 43-247 was limited to the county attorney or a reputable person with his or her consent, which Matney admittedly did not have.

We now turn to the question of whether Matney's appointment as Valentin's GAL by the county court in an adult criminal proceeding gave Matney standing to file a § 43-247(3) petition in the juvenile court. In *In re Interest of Joelyann H.*, 6 Neb. App. 472, 574 N.W.2d 185 (1998), we determined that a petition to terminate the parental rights of a child's natural mother, filed by the child's appointed guardians, was not an adjudication petition as specified by § 43-274, because the petition was not filed by or with the consent of the county attorney as required by that statute. Therefore, we determined that the juvenile court lacked jurisdiction over the matter. Additionally, we recently decided in *In re*

*Interest of Jamie P.*, 12 Neb. App. 261, 670 N.W.2d 814 (2003), that the trial court correctly denied a mother's petition to intervene in an action filed by the county attorney under § 43-247(3)(a), because the mother had not received the consent of the county attorney to file her petition as required by § 43-274.

Similarly, in the case before us, the petition to adjudicate Valentin under § 43-247(3)(a) was filed neither by nor with the consent of the county attorney as required by § 43-274. Matney filed it on his own motion without obtaining the county attorney's consent.

Finally, it is important to remember that Matney was not a GAL appointed by the juvenile court. Matney was appointed to represent Valentin in a criminal proceeding in the adult court. The Nebraska Supreme Court has said:

> While it is true that every court has inherent power to appoint a guardian ad litem to represent an incapacitated person in proceedings before that court, that power does not extend to the appointment of such guardian for the purpose of managing litigation in another court or tribunal, except for necessary appeals.

*In re Guardianship of Jonas,* 211 Neb. 397, 401, 318 N.W.2d 867, 870 (1982). We find this principle to be applicable here. When a GAL is appointed for a juvenile in criminal proceedings in county court, that GAL's authority does not extend to the institution of new and separate proceedings in the juvenile court. Before the 2003 amendment of § 43-274, a GAL could have filed a petition to initiate adjudication under § 43-247(1) through (4) with the county attorney's consent, but it is clear that now, only the county attorney can initiate proceedings in juvenile court under § 43-247(1) through (4).

Because Matney did not obtain the consent of the county attorney to file an adjudication petition on behalf of Valentin in the county court, sitting as a juvenile court, we find that Matney did not have standing to file the petition. Thus, we vacate the order of the county court and remand the matter with directions to dismiss the petition. Because of this result, we need not address the State's other assignment of error.

VACATED AND REMANDED WITH
DIRECTIONS TO DISMISS.