778 N.W.2d 756 (2010)
18 Neb. App. 255
STATE of Nebraska, appellee,
v.
Henry E. PATTERSON, Jr., appellant.
No. A-09-385.
Court of Appeals of Nebraska.
February 9, 2010.
*757 Henry E. Patterson, Jr., pro se.
Jon Bruning, Attorney General, and Kimberly A. Klein, Lincoln, for appellee.
INBODY, Chief Judge, and CARLSON and MOORE, Judges.
MOORE, Judge.

INTRODUCTION
This appeal arises from the denial of a motion for reimbursement of costs sought by Henry E. Patterson, Jr., under Neb. Rev.Stat. § 25-2307 (Reissue 2008). Because the district court had jurisdiction to hear the motion, we reverse the order denying the motion and remand the cause for an evidentiary hearing.

BACKGROUND
Patterson filed a motion for postconviction relief in the district court on October 25, 2004. Following a hearing, the court denied Patterson's motion, which denial was affirmed by this court in a memorandum opinion filed on June 26, 2008, in case No. A-07-809. The Nebraska Supreme Court denied Patterson's petition for further review on August 27. On September 5, Patterson filed a motion in the district court seeking reimbursement in the total sum of $96.19 for photocopies and postage in connection with his brief and petition for further review, citing a duty by the State to pay the costs under § 25-2307. On January 23, 2009, Patterson filed an "Application and Notice for Default Judgment," asserting that the State had failed to file a timely response. On March 9, the district court entered an order overruling the motion, finding that both the motion for reimbursement and the application for default judgment were without merit and failed to state a cause of action. The court further found that it did not have jurisdiction over the pleadings. The order does not indicate the presence of either party or that any evidence was adduced at the hearing. There is no bill of exceptions from the March 9 hearing. On March 17, Patterson filed a motion for reconsideration, which motion was denied by the court in an order entered April 1. Patterson's notice of appeal was filed April 8.

ASSIGNMENT OF ERROR
Patterson asserts, restated, that the district court erred in determining that it did not have jurisdiction to award reimbursement for expenses associated with the appeal process and in denying Patterson's application under § 25-2307.

STANDARD OF REVIEW
Statutory interpretation presents a question of law, in connection with which an appellate court has an obligation to reach an independent conclusion irrespective of the decision made by the court below. Heathman v. Kenney, 263 Neb. 966, 644 N.W.2d 558 (2002).

ANALYSIS
The district court did not elaborate on why it determined that it did not have jurisdiction over the motion for reimbursement. Section 25-2307 provides:
In any civil or criminal case in which a party is permitted to proceed in forma pauperis, on appeal the court shall direct that the expense of printing of the appellate briefs, if such printing is required by the court, be paid by the county in the same manner as other claims are paid.
The State argues that the words "on appeal" contained in the statute mean the motion for reimbursement must be filed while the appeal is pending and that because the motion was not filed until after the petition for further review had been *758 denied, and the mandate issued, the district court was without jurisdiction to enter an order granting reimbursement.
The State relies on the case of Heathman v. Kenney, supra, as partial support for its argument. In Heathman, the appellant, who had been granted in forma pauperis status, filed a request for reimbursement of photocopying expenses for the appellate briefs during the pendency of the appeal. The district court denied the request, finding that the statute covered only printing briefs, not the cost of photocopies. On appeal, the Supreme Court first discussed the issue of jurisdiction as the appellee had questioned whether the appellant's request for reimbursement was filed at the appropriate stage of the proceedings. The appellee suggested that the conclusion of litigation would be a more appropriate time to seek reimbursement of expenses, although conceding that the in forma pauperis statutes do not indicate the appropriate time to seek reimbursement. The court concluded that it had jurisdiction of the matter, finding that the order denying the request for reimbursement was an order affecting a substantial right made upon a summary application in an action after judgment. The court also concluded that the expense of photocopying is included in the expense of "printing" under the statute and reversed the district court's denial of the request for reimbursement.
We conclude that neither § 25-2307 nor the Heathman decision supports a conclusion that a request for reimbursement of printing costs must be made during the pendency of the appeal. The words "on appeal" in the statute follow the requirement that a party be permitted to proceed in forma pauperis and precede the requirement that the county pay for printing of the appellate briefs. The logical interpretation is that the expense of printing of appellate briefs is to be reimbursed to a party who is allowed to proceed in forma pauperis on appeal. The statute does not contain any direction as to the procedure for requesting reimbursement, or any specification as to the time for such action. Further, Heathman v. Kenney, 263 Neb. 966, 644 N.W.2d 558 (2002), implies that there is not a specific timeframe for a request for reimbursement under this statute. We conclude that the district court had jurisdiction to hear Patterson's motion. As the court in Heathman concluded, we find that the district court's order in this case is appealable as a summary application in an action after judgment.
The State argues alternatively that the district court was correct in denying Patterson's motion because it was accompanied only by copies of prison "kites" which purport to detail Patterson's expenses, which are not sworn or otherwise reliable documents. The State also argues that Patterson includes expenses for postage and supplies for mailing which are not covered expenses under the statute.
From our review of the record, it appears that the district court's order was entered sua sponte, without notice to the parties, without the presence of the parties, without the receipt of evidence, and without a record being made. Accordingly, we reverse the order of the district court which denied the motion for reimbursement and remand the cause for further evidentiary proceedings.

CONCLUSION
The district court had jurisdiction to determine Patterson's motion for reimbursement of expenses. The order denying the motion is reversed, and the cause is remanded for further evidentiary proceedings.
*759 REVERSED AND REMANDED FOR FURTHER PROCEEDINGS.