NEBRASKA EQUAL OPPORTUNITY COMMISSION, APPELLANT, V. STATE EMPLOYEES RETIREMENT SYSTEM, APPELLEE.

471 N.W.2d 398

Filed June 28, 1991.   No. 89-140.

Robert M. Spire, Attorney General, and Elaine A. Catlin for appellant.

Steven G. Seglin, of Crosby, Guenzel, Davis, Kessner & Kuester, for appellee.

Hastings, C.J., Boslaugh, White, Caporale, Shanahan, Grant, and Fahrnbruch, JJ.

Caporale, J.

On behalf of Charles Thiessen, the Nebraska Equal Opportunity Commission, the appellant, sued the State Employees Retirement System, the appellee, alleging that certain actions taken by the Retirement System in accordance with the requirements of the State Employees Retirement Act, Neb. Rev. Stat. §§ 84-1301 through 84-1331 (Cum. Supp. 1986), violated the Act Prohibiting Unjust Discrimination in Employment Because of Age, Neb. Rev. Stat. §§ 48-1001 through 48-1009 (Reissue 1988), to Thiessen's detriment. Following a bench trial, the district court dismissed the commission's petition. The commission asserts, in summary, that the district court erred in (1) failing to follow the traditional age discrimination analysis and (2) overruling the commission's motion to amend its pleadings after judgment. We affirm.

Thiessen was born November 16, 1924, began working for the State in August 1961, and almost 25 years later, at 61 years of age, voluntarily terminated his employment on June 6, 1986.

Under the statutes then in effect, employees who were members of the Retirement System could choose among three benefit schemes: (1) a monthly annuity based upon the combined contributions made to the retirement fund by both the employee and the State, (2) a lump-sum payment of up to 25 percent of the employee's contributions to the fund and an annuity based upon the combined remaining employee and State contributions, or (3) a lump-sum payment of 100 percent of the employee's contributions, coupled with a forfeiture of the State's contributions. § 84-1319. However, employees below age 55 could, upon terminating their employment, receive a lump-sum payment of 100 percent of their personal contributions, along with an annuity based upon the State's contributions. § 84-1321. In other words, those employees over the age of 55 who wished to receive a lump-sum payment of their personal contributions to the fund were forced to forfeit any benefit from the State's contributions, while younger employees would receive a lump-sum payment and an annuity.

Thiessen opted to receive the lump-sum payment. Since he was over 55, he forfeited any benefit from the employer's contributions, which amounted to $12,337.72.

The Legislature has since amended § 84-1319 to give terminating employees the same benefit options regardless of age. See 1987 Neb. Laws, L.B. 60.

The essence of the commission's position in its first summarized assignment of error is that former §§ 84-1319 and 84-1321 violated the age discrimination statutes. The question therefore boils down to whether compliance with one series of state statutes can constitute a violation of another series of statutes of the same state. There are two rules of statutory construction which are applicable to situations where statutes enacted by the same sovereign appear to conflict. The first is the doctrine of repeal by implication, and the second is the principle that statutes of general application yield to those of specific application.

Repeals by implication are not favored, and a construction which, in effect, repeals another statute will not be adopted unless such construction is made necessary by the evident intent of the Legislature. A statute will not be considered repealed by implication unless the repugnancy between the new provision and the former statute is unavoidable. *State v. Fellman*, 236 Neb. 850, 464 N.W.2d 181 (1991); *Sarpy Co. Pub. Emp. Assn. v. County of Sarpy*, 220 Neb. 431, 370 N.W.2d 495 (1985); *City of Grand Island v. County of Hall*, 196 Neb. 282, 242 N.W.2d 858 (1976). The age discrimination statutes were enacted in 1963 and most recently amended in 1983. The forfeiture of employer contributions was mandated by a 1986 amendment to § 84-1319. See 1986 Neb. Laws, L.B. 311. Logic dictates that a prior enactment cannot repeal a subsequent one. Since the forfeiture provision was enacted after the age discrimination statutes, the age discrimination statutes could not have worked a repeal of the benefit statutes.

We have stated that " '[w]here general and special provisions of statutes are in conflict, the general law yields to the special, without regard to priority of dates in enacting the same, and a special law will not be repealed by general provisions unless by express words or necessary implication. . . .' " *Glockel v. State*

*Farm Mut. Auto. Ins. Co.*, 219 Neb. 222, 231, 361 N.W.2d 559, 565 (1985), quoting *Kibbon v. School Dist. of Omaha*, 196 Neb. 293, 242 N.W.2d 634 (1976). The age discrimination act is general in nature, prohibiting age discrimination in a variety of employment situations. The statute mandating the asserted discriminatory treatment is narrower and more specific; it is limited to retirement and termination benefits of employees who are part of the Retirement System. Since the general law yields to the specific, the benefit scheme is to be treated as an exception to the general prohibition against age discrimination.

The commission directs our attention to a plethora of federal court decisions which hold that compliance with a state statute is not a defense in an action for age discrimination under the federal age discrimination act, 29 U.S.C. §§ 621 et seq. (1988). The commission suggests that our own age discrimination statutes are based upon the federal act, and, thus, the same rule regarding compliance with a state statute should apply under our act. This argument is without merit. Of course, compliance with a state statute will not defeat an action under a federal act; the supremacy clause of the federal Constitution gives federal enactments precedence over state law. See U.S. Const. art. VI, cl. 2.

In an attempt to overcome this obvious impediment, the commission asserts that the federal cases it cites

> did not rely on the supremacy clause. Rather, those courts looked at the reasonableness of reliance on a discriminatory state statute. The courts found that the defendants did not rely on a reasonable factor other than age. In those cases, liability was found even though the defendants had no notice that reliance on a state statute was invalid.

Reply brief for appellant at 10.

However, the fact that some of the cases cited by the commission may not express their reliance on the supremacy clause is immaterial. Such reliance is implicit in the result reached, and the cases are therefore of no help when confronting a conflict between two statutes enacted by the same sovereign.

In its second summarized assignment of error, the

commission complains that the district court erred in denying its motion to amend its pleadings after judgment was entered against it.

Neb. Rev. Stat. § 25-852 (Reissue 1989) provides:

> The court may, either before or after judgment, in furtherance of justice, and on such terms as may be proper, amend any pleading, process or proceeding . . . by inserting other allegations material to the case, or, when the amendment does not change substantially the claim or defense, by conforming the pleading or proceeding to the facts proved. . . .

This statute is to be liberally construed so as to prevent a failure of justice. *Building Systems, Inc. v. Medical Center, Ltd.*, 213 Neb. 49, 327 N.W.2d 95 (1982). Since the decision to grant or deny an amendment rests in the discretion of the trial court, *West Town Homeowners Assn. v. Schneider*, 215 Neb. 905, 341 N.W.2d 588 (1983), the question becomes whether the district court abused its discretion when it denied the commission's motion.

While it is an abuse of discretion to refuse to permit an amendment proposed at an opportune time in furtherance of justice, *Jacobs v. Goetowski*, 221 Neb. 281, 376 N.W.2d 773 (1985), and *Kleinknecht v. McNulty*, 169 Neb. 470, 100 N.W.2d 77 (1959), we have held that a trial court is not to permit an amendment of a pleading to conform to the proof if the proposed amendment would substantially change the nature of the claim or defense, *Malerbi v. Central Reserve Life*, 225 Neb. 543, 407 N.W.2d 157 (1987).

The commission's motion requests leave to amend its pleadings "so as to state a cause of action based on constitutional claims and under federal law" without specifying the constitutional claims which were to form the basis of its new cause. Even if we assume that the commission is empowered to assert such claims (authority seemingly not conferred by the provisions of § 48-1007, which invests the commission with power to bring suits for violations of the age discrimination statutes), the fact remains that pleading federal law and constitutional questions would substantially change the nature of the cause the commission had litigated. Accordingly, the

district court did not abuse its discretion by denying the commission leave to amend its petition.

For the foregoing reasons, the judgment of the district court is affirmed.

AFFIRMED.