REQUESTED BY: Alfonza Whitaker, Director Nebraska Equal Opportunity Commission
You have requested an Attorney General Opinion interpreting Section 20-330 of the Nebraska Fair Housing Act that states:
Conciliation proceedings; investigations; restrictions on use of information.
 (1) Except as provided in subsection (4) of Section 20-327, nothing said or done in the course of conciliation may be made public or used as evidence in a subsequent proceeding under the Nebraska Fair Housing Act without the written consent of the persons concerned.
 (2) Notwithstanding subsection (1) of this section, the commission shall make available to the aggrieved person and the respondent at any time, upon request, information derived from an investigation and any final investigative report relating to that investigation.
You specifically requested the meaning of "make available" and the scope of the NEOC's responsibility to provide access to all NEOC housing file information.
Courts have consistently held that in the absence of anything to the contrary, statutory language is to be given its plain and ordinary meaning. Ways v. Shively, 264 Neb. 250, 646 N.W.2d 621 (2002); City of Omaha v. Kum Go, L. L. C., 263 Neb. 724, 642 N.W.2d 154 (2002).
Furthermore, when a statutory term is reasonably considered ambiguous, a court may examine the legislative history of the act in question in order to ascertain the intent of the Legislature. Sydow v. City of Grand Island, 263 Neb. 389, 639 N.W.2d 913, (2002).
The language of the statute in question clearly states that the Commission is to allow the respondent and the complainant access to information derived from the investigation. In reviewing the legislative history, we determined that our conclusion is supported by the Floor Debate of LB 825 in 1991, page 3387 (attached). In referring to the amendments, Senator Chizek states:
 "Fourth, the committee amendment guarantees that the parties involved in a housing discrimination complaint can, at any time, have access to the information from the Equal Opportunity Commission's investigation of the complaint."
As to your inquiry regarding "make available," the NEOC must decide the manner in which it will make the records available when they are requested. Any method of making records available which provides a party access to the records, including but not limited to an in-office file review, is legally sufficient under this provision. The specific method utilized is the decision of the Nebraska Equal Opportunity Commission.
We also reviewed your request and its possible exemption under the Public Records Act. Among the materials exempted from disclosure requirements are:
 Records developed or received by law enforcement agencies and other public bodies charged with duties of investigation or examination of persons, institutions, or businesses, when the records constitute a part of the examination, investigation, intelligence information, citizen complaints or inquiries, informant identification, or strategic or tactical information used in law enforcement training, except that this subdivision shall not apply to records so developed or received relating to the presence of and amount or concentration of alcohol or drugs in the blood of any person.
Neb. Rev. Stat. § 84-712.05(5) (Supp. 2002).
The records to which you refer could come under this exemption, except for the fact that Section 20-330 is a specific statute regarding the Fair Housing Act. Koterzina v. Copple Chevrolet, Inc.,3 Neb.App 695, 531 N.W.2d 1 (Neb.App. 1995) (statutes are ordinarily construed in manner such that the specific controls the general); Reiter v. Wimes, 263 Neb. 277, 640 N.W.2d 19 (2002) (statutes dealing specifically with driver's license revocation hearings control over the general statute dealing with administrative hearings); Thomas v. Countryside of Hastings, Inc., 2 Neb. App. 590, 512 N.W.2d 660 (1994) (a special statute of limitations controls and takes precedence over a general statute of limitations because the special statute is a specific expression of legislative will concerning a particular subject).
As indicated above, the legislative history shows that the legislature made a special provision for review of the records by the complainant and the respondent. Therefore, the Commission must make these records available.
Sincerely,
 JON BRUNING Attorney General
 Delores N. Coe-Barbee Assistant Attorney General
APPROVED BY:
________________________________ Attorney General