REQUESTED BY: Rachel Marden, Administrative Assistant Nebraska Board of Pardons
You have requested opinions as to:
 1) whether the issuance of a full pardon of a misdemeanor conviction for domestic assault restores the right to bear arms, and,
 2) in the case where a pardon has been granted for misdemeanor domestic assault, whether the Board of Pardons is required to specify restoration of the right to bear arms.
Pursuant to Neb. Rev. Stat. § 29-112, one of the legal consequences of a felony conviction is the loss of certain civil rights. These rights can only be restored through the pardon process. Article IV, § 13 of the Constitution of the State of Nebraska. Ways v. Shively,264 Neb. 250, 646 N.W.2d 621 (2002).
No comparable state statute exists afecting the civil rights for misdemeanor convictions. However, federal statutes do limit the ability to transport or possess any firearm or ammunition in interstate commerce or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce for those convicted of a qualified State or Federal misdemeanor.
As noted in your opinion request, Title 18 U.S.C. § 922(g) provides: "It shall be unlawful for any person . . . (9) who has been convicted in any court of a misdemeanor crime of domestic violence, to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce."
Title 18 U.S.C. § 921(a)(33) provides that the term "misdemeanor crime of domestic violence" includes those which are considered a misdemeanor under both Federal and State law and although it shall not be considered to have been a conviction unless the person was represented by counsel or knowingly and intelligently waived the right to counsel and, if entitled to a jury trial, either was tried to a jury or knowingly and intelligently waived the right to a trial by a jury by guilty plea or otherwise. However, Title18 U.S.C. § 921(a)(33)(B)(ii) provides that a person convicted of a qualified misdemeanor crime of domestic violence and whose conviction has been expunged, set aside or for which the person has been pardoned is not to be considered convicted of the misdemeanor crime of domestic violence.
Thus, any person convicted of a misdemeanor crime of domestic violence who traffics, transports firearms in interstate or possesses any firearms that has been involved in any interstate commerce is in violation of Federal law unless their sentence is expunged, set aside or they receive a pardon.
Article IV, § 13 of the Nebraska Constitution entrusts the clemency power exclusively in the executive branch of government and specifically entrusts it to the Board of Parole.
"A pardon is an act of grace proceeding from the power intrusted with the execution of the laws, which exempts the individual on whom it is bestowed from the punishment the law inflicts for a crime he has committed. . . declaring of record that a particular individual is to be relieved of the legal consequences of a particular crime." 67A CJS Pardon ; Parole § 3 at 6.
In answer to your first question, based on Title18 U.S.C. § 921(a)(33)(B)(ii), cited above, the issuance of a full pardon of a misdemeanor conviction for domestic assault would restore the right to bear arms.
Title 18 U.S.C. § 921(a)(33)(B)(ii) further states that a person shall not be considered to have been convicted of such an offense if the conviction has been expunged or set aside or is an offense for which the person has been pardoned "unless the pardon, expungement, or restoration of civil rights expressly provides that the person may not ship, transport, possess or receive firearms."
Thus, the answer to your second question is, no, the Board of Pardons is not required to specify that a pardon granted for misdemeanor domestic assault restores the right to bear arms. As set out above, the United States Code provides that a pardon would effectively remove the conviction from the person's record and would make them eligible to possess a firearm unless the pardon expressly provided that the person may not possess or receive firearms.
Sincerely,
 JON BRUNING Attorney General
 Linda L. Willard Assistant Attorney General
APPROVED: