STATE OF NEBRASKA EX REL. STEVEN M. JACOB, APPELLANT,
v. SUZANNE E. BOHN ET AL., APPELLEES.
711 N.W.2d 884

Filed April 14, 2006.    No. S-04-1410.

Steven M. Jacob, pro se.

Jon Bruning, Attorney General, and Maureen Hannon for appellees.

HENDRY, C.J., CONNOLLY, GERRARD, STEPHAN, MCCORMACK, and MILLER-LERMAN, JJ.

MILLER-LERMAN, J.

## NATURE OF CASE

Steven M. Jacob filed an action in the district court for Lancaster County against Suzanne E. Bohn, Harold Clarke, and Frank Hopkins (collectively the Appellees). Jacob was identified as an inmate at the Nebraska State Penitentiary, Bohn was identified as the mental health administrator for the Nebraska Department of Correctional Services (DCS), Clarke was identified as the director of DCS, and Hopkins was identified as the assistant director of DCS. Jacob sought a writ of mandamus requiring Bohn to provide him with copies of certain of his mental health records. Jacob also sought judgment against the Appellees pursuant to 42 U.S.C. § 1983 (2000) for having denied him access to his mental health records. Finally, Jacob sought a declaratory judgment requiring Clarke to promulgate and file certain administrative regulations. The district court granted the Appellees' motion to dismiss Jacob's action for failure to state a claim for relief. Jacob appeals. We affirm.

## STATEMENT OF FACTS

In 1991, Jacob underwent certain mental health evaluations conducted by DCS as a part of the inmate classification procedure. The records of such tests were maintained by Bohn as the mental health administrator for DCS. On August 7, 2003, Jacob made a written request of Bohn for a copy of such mental health records. Having received no response, on September 3, Jacob filed an informal grievance and was told that Bohn had received his request and was in the process of responding to it. Jacob subsequently filed grievances as part of DCS' formal appeal process. Jacob filed a "step one" grievance on September 17 and a "step two" grievance on September 26. In response to the step two grievance, Hopkins, on behalf of Clarke, stated on October 22 that "[y]our comments regarding [DCS'] policies for providing inmates with access to their mental health records are noted."

On November 20, 2003, Jacob filed his initial action for writ of mandamus in district court seeking an order requiring Bohn to provide him a copy of his mental health records. Jacob alleged

that he was not being treated by any physician, psychologist, or mental health practitioner at the time he had requested his records on August 7 or at the time he filed his action. Jacob alleged that he had a right to a copy of his records pursuant to Neb. Rev. Stat. § 83-178 (Cum. Supp. 2004), Neb. Rev. Stat. § 71-8403 (Reissue 2003), and DCS' administrative regulation No. 115.23 (AR 115.23), dated November 11, 2002. Jacob alleged that such statutes and regulation gave him a right to obtain a copy of his records, and he sought mandamus ordering Bohn to provide a copy of the requested records or to show cause why she should not provide such copy.

Jacob also included a "Second Cause of Action" pursuant to 42 U.S.C. § 1983 in which he sought judgment against the Appellees for violating his civil rights. Jacob alleged that § 71-8403(2) created in him a property interest in the requested records. He alleged that Bohn had violated his property interest and that Clarke and Hopkins had given tacit approval to her failure to provide the records to Jacob. For relief, Jacob sought nominal damages and costs of the action.

On April 5, 2004, Jacob sought leave to amend his complaint. He asserted that he had recently learned that AR 115.23 had not been promulgated or filed with the Secretary of State. He therefore sought leave to amend to set forth a cause of action for declaratory judgment in which he would seek a declaration that he had a right pursuant to Neb. Rev. Stat. §§ 83-4,111 and 83-4,112 (Reissue 1999) to have AR 115.23, titled "Mental Health Services," and administrative regulation No. 116.01 (AR 116.01), dated December 12, 1994, titled "Inmate Rights," promulgated. Jacob was given leave to amend. On May 7, 2004, Jacob filed an amended complaint including a third cause of action for declaratory judgment. This amended complaint is the operative complaint on appeal.

On May 21, 2004, the Appellees filed a motion to dismiss pursuant to Neb. Ct. R. of Pldg. in Civ. Actions 12(b)(1) and (6) (rev. 2003). Following a hearing, on June 25, the court entered an order sustaining the motion on the basis that Jacob had failed to state a cause of action. The court determined that the language of § 83-178(2) made the release of mental health records of an inmate discretionary and that therefore, mandamus was not

available to obtain such records. The court further determined that because there was no mandatory duty under § 71-8403(1) to provide mental health records, Jacob had no protected interest at stake and therefore no cause of action under 42 U.S.C. § 1983. Finally, the court determined that because AR 115.23 contained virtually the same language as § 71-8403(1), Jacob's request for a declaratory order requiring the promulgation of AR 115.23 and AR 116.01 was "pointless." The court therefore ordered that the Appellees' motion to dismiss be sustained, but gave Jacob 21 days to file a second amended complaint. Jacob did not file a second amended complaint. On November 4, the court entered an order dismissing Jacob's action. Jacob appeals the dismissal.

## ASSIGNMENTS OF ERROR

Jacob asserts that the district court erred in (1) finding that Bohn had no duty to provide him a copy of his mental health records, (2) finding that he had no protected interest in his mental health records and therefore no cause of action under 42 U.S.C. § 1983, and (3) dismissing his action for declaratory judgment.

## STANDARDS OF REVIEW

A district court's grant of a motion to dismiss for failure to state a claim under rule 12(b)(6) is reviewed de novo, accepting all the allegations in the complaint as true and drawing all reasonable inferences in favor of the nonmoving party. *Anderson v. Wells Fargo Fin. Accept.*, 269 Neb. 595, 694 N.W.2d 625 (2005).

To the extent an appeal calls for statutory interpretation or presents questions of law, an appellate court must reach an independent conclusion irrespective of the determination made by the court below. *State v. Rieger*, 270 Neb. 904, 708 N.W.2d 630 (2006).

Whether to entertain an action for declaratory judgment is within the discretion of the trial court. *State Farm Mut. Auto. Ins. Co. v. Allstate Ins. Co.*, 268 Neb. 439, 684 N.W.2d 14 (2004). A judicial abuse of discretion exists when a judge, within the effective limits of authorized judicial power, elects to act or refrains from acting, but the selected option results in a decision which is untenable and unfairly deprives a litigant of a substantial right or a just result in matters submitted for disposition through a judicial system. *Id.*

## ANALYSIS

*Jacob Was Not Entitled to Mandamus.*

Jacob asserts that the district court erred in concluding that because Bohn had no absolute duty to provide him a copy of his mental health records, he was not entitled to mandamus. We determine that neither § 83-178(2), § 71-8403, nor AR 115.23 creates in Jacob a clear right to access to his mental health records or a clear duty on the part of Bohn to provide such records, and we therefore conclude that the district court did not err in determining that Jacob was not entitled to mandamus.

Mandamus is a law action and is defined as an extraordinary remedy, not a writ of right, issued to compel performance of a purely ministerial act or duty, imposed by law upon an inferior tribunal, corporation, board, or person, where (1) the relator has a clear right to the relief sought, (2) there is a corresponding clear duty existing on the part of the respondent to perform the act, and (3) there is no other plain and adequate remedy available in the ordinary course of the law. *Ways v. Shively*, 264 Neb. 250, 646 N.W.2d 621 (2002). The general rule is that an act or duty is ministerial if there is an absolute duty to perform in a specified manner upon the existence of certain facts. *Id.* In a mandamus action, the party seeking mandamus has the burden of proof and must show clearly and conclusively that such party is entitled to the particular thing the relator asks and that the respondent is legally obligated to act. *Id.*

Jacob sought mandamus against Bohn. Jacob alleged that pursuant to §§ 83-178(2) and 71-8403 and AR 115.23, he had a right to obtain, and Bohn had a duty to provide to him, a copy of his mental health records. In order to obtain mandamus, Jacob needed to show clearly and conclusively that under such statutes and regulation or otherwise, he was entitled to access his mental health records and that Bohn was legally obligated to provide such records. Section 83-178(2) provides in part:

> An inmate may obtain access to his or her medical records by request to the provider pursuant to sections 71-8401 to 71-8407 notwithstanding the fact that such medical records may be a part of his or her individual [DCS] file. [DCS] retains the authority to withhold mental health and psychological records of the inmate when appropriate.

Section 71-8403 provides in part:

> (1) A patient may request a copy of the patient's medical records or may request to examine such records. Access to such records shall be provided upon request pursuant to sections 71-8401 to 71-8407, except that mental health medical records may be withheld if any treating physician, psychologist, or mental health practitioner determines in his or her professional opinion that release of the records would not be in the best interest of the patient unless the release is required by court order. The request and any authorization shall be in writing and shall be valid for one hundred eighty days after the date of execution by the patient.
>
> (2) Upon receiving a written request for a copy of the patient's medical records under subsection (1) of this section, the provider shall furnish the person making the request a copy of such records not later than thirty days after the written request is received.

AR 115.23 provides in part:

> Access to the Mental Health Care Records shall be controlled by the Director of Mental Health or designee and shall not be granted without a court order except as stated below.
>
> . . . .
>
> . . . An inmate may request access to his/her psychological and Mental Health Care Record, and [DCS] will allow inmates access to their psychological and mental health records upon request unless any treating physician, psychologist, or mental health practitioner determines in their [sic] professional opinion that release of the records would not be in the best interest of the patient unless the release is required by court order. (Neb. Rev. Stat. §71-8403).

We conclude that the above-quoted statutes and regulation do not entitle Jacob access to the records in this case, nor do they legally obligate Bohn to provide such records. Section 83-178(2) provides that inmates may obtain access to their medical records, but because DCS "retains the authority to withhold mental health and psychological records of the inmate when appropriate," the statute is discretionary in nature. The statute did not obligate Bohn to provide the mental health records requested by Jacob

without exception. Instead, § 83-178(2) allowed Bohn the discretion to withhold the records if it was determined such withholding was appropriate.

Section 71-8403 and AR 115.23 also generally provide that medical records are to be provided; however, both provisions also allow discretionary exceptions when the records at issue involve mental health and psychological matters. Section 71-8403(1) provides that "mental health medical records may be withheld if any treating physician, psychologist, or mental health practitioner determines in his or her professional opinion that release of the records would not be in the best interest of the patient." AR 115.23 similarly provides that DCS "will allow inmates access to their psychological and mental health records upon request unless any treating physician, psychologist, or mental health practitioner determines in their [sic] professional opinion that release of the records would not be in the best interest of the patient." Because both § 71-8403(1) and AR 115.23 provide that "any treating physician, psychologist, or mental health practitioner" may determine that the release of mental health records would not be in the best interests of the patient, the release of mental health records under these provisions is discretionary.

Jacob argues that the withholding exceptions in § 71-8403 and AR 115-23 do not apply in this case because he was not being "treated" at the time he made the request for his mental health records and that therefore, there was no "treating" professional and no patient. Brief for appellant at 8. We do not read the phrases "any treating physician, psychologist, or mental health practitioner" and "best interest of the patient" in either § 71-8403 or AR 115.23 to exclude Bohn as a person currently eligible to determine whether release of mental health records was indicated or to exclude Jacob as a patient. "Patient" is defined in Neb. Rev. Stat. § 71-8402(3) (Reissue 2003) as including a patient or former patient. By seeking the records, Jacob has alleged in effect that he was a former patient and that Bohn was the mental health administrator for DCS who had control of the mental health records at the time Jacob sought their release. Giving § 71-8403 and AR 115.23 a sensible reading, under both provisions, Bohn was the current health professional who was able to determine whether release of the records of the former

patient was in the patient's best interests. In the present case, it was within Bohn's discretion to determine whether release of the mental health records would be in Jacob's best interests under § 71-8403 and AR 115.23.

We determine that Jacob did not show clearly and conclusively under the statutes and regulation cited or otherwise that he was entitled to access to the requested mental health records or that Bohn was legally obligated to provide such records. We therefore conclude that the district court did not err in determining that Jacob was not entitled to mandamus and in dismissing Jacob's action for mandamus. Jacob's first assignment of error is without merit.

*Jacob Was Not Entitled to Relief Under 42 U.S.C. § 1983.*

Jacob next asserts that the district court erred in concluding that he had no protected interest in the requested records and therefore no cause of action under 42 U.S.C. § 1983. As his second cause of action, Jacob alleged that § 71-8403(2) created in him a property interest in his mental health records and that the Appellees violated his property interest when they denied him access to the records. Jacob sought damages pursuant to 42 U.S.C. § 1983. We conclude that the district court did not err in dismissing this cause of action.

In order to state a cause of action under 42 U.S.C. § 1983, a plaintiff must allege facts establishing conduct by a person acting under color of state law which deprived the plaintiff of rights, privileges, or immunities secured by the Constitution and laws of the United States. See *Rush v. Wilder*, 263 Neb. 910, 644 N.W.2d 151 (2002). Jacob argues that he had a property interest protected by federal due process. However, in order to have a protected property interest, one must have a legitimate claim of entitlement. *Benitez v. Rasmussen*, 261 Neb. 806, 626 N.W.2d 209 (2001). Property interests for purposes of procedural due process are created, and their dimensions are defined, by existing rules or understandings that stem from an independent source such as state law. *Id.*

As discussed above, Jacob had no entitlement under state law to the mental health records he sought and, therefore, he had no constitutionally protected interest. As a result, Jacob failed to

allege that he had been deprived of any "rights, privileges, or immunities secured by the Constitution and laws" of the United States, and we conclude that he failed to state a cause of action under 42 U.S.C. § 1983. The district court did not err in so concluding and dismissing this cause of action. Jacob's second assignment of error is without merit.

*The District Court Did Not Err in Denying Declaratory Judgment.*

Finally, Jacob asserts that the court erred in dismissing his request for declaratory judgment. In his amended complaint, Jacob requested a declaration that he had a right to have AR 115.23 and AR 116.01 promulgated and filed pursuant to the Administrative Procedure Act. We conclude that the district court did not abuse its discretion in dismissing Jacob's action for declaratory judgment.

Jacob argued that if AR 115.23 did not create an enforceable right because the regulation had not been promulgated, then he was entitled to a declaration that this regulation and AR 116.01 must be promulgated. We note that the district court did not dismiss Jacob's action for mandamus because the regulations had not been promulgated. Instead, the court found that AR 115.23 and AR 116.01 contained "virtually the exact language" as the statutes upon which Jacob was relying and that such statutes were unavailing. With regard to Jacob's request for declaratory judgment, the court determined that because the regulations did not create any greater right in Jacob than existed under the statutes, Jacob's action seeking a declaration that both regulations must be promulgated was "pointless."

Under Neb. Rev. Stat. § 25-21,154 (Reissue 1995), a court "may refuse to render or enter a declaratory judgment or decree where such judgment or decree, if rendered or entered, would not terminate the uncertainty or controversy giving rise to the proceeding." We have stated that § 25-21,154 indicates discretionary rather than mandatory power and that whether to entertain an action for declaratory judgment is within the discretion of the trial court. *State Farm Mut. Auto. Ins. Co. v. Allstate Ins. Co.,* 268 Neb. 439, 684 N.W.2d 14 (2004).

As noted in part above, the language of the regulations, like the language of the statutes, does not create a mandatory duty to

release mental health records, but instead provides for discretion to withhold such records. Therefore, whether or not the regulations ought to have been filed and promulgated, the regulations would not have given Jacob an absolute right of access to the records that he sought. Therefore, a declaration that the regulations ought to have been filed and promulgated would not have terminated the uncertainty or controversy in these proceedings where the ultimate issue involving release of the mental health records nevertheless remained discretionary. The district court did not abuse its discretion by dismissing Jacob's action for declaratory judgment. Jacob's final assignment of error is without merit.

## CONCLUSION

We conclude that the district court did not err in determining that Jacob was not entitled to mandamus, relief under 42 U.S.C. § 1983, or declaratory judgment. We therefore affirm the court's dismissal of Jacob's action.

AFFIRMED.

WRIGHT, J., not participating.