STATE OF NEBRASKA EX REL. DIANNE R. MUSIL, APPELLEE,
V. LARRY WOODMAN ET AL., MEMBERS OF THE ADAMS
COUNTY BOARD OF SUPERVISORS, APPELLEES, AND
WINIFRED W. BARROWS, INTERVENOR-APPELLANT.

716 N.W.2d 32

Filed June 9, 2006.   No. S-04-1420.

Michael P. Burns, of Shoemaker, Witt & Burns, for appellant.

Charles A. Hamilton, Deputy Adams County Attorney, for appellees Larry Woodman et al.

William A. Francis, of Cunningham, Blackburn, Francis, Brock & Cunningham, for appellee Dianne R. Musil.

HENDRY, C.J., CONNOLLY, GERRARD, STEPHAN, McCORMACK, and MILLER-LERMAN, JJ., and HANNON, Judge, Retired.

MILLER-LERMAN, J.

### NATURE OF CASE

Winifred W. Barrows appeals the order of the district court for Adams County, which granted a petition for writ of mandamus filed by Diane R. Musil and directed the Adams County Board of Supervisors (Board) to amend the Adams County comprehensive plan and Adams County official zoning map to rezone certain property from agricultural to residential. The members of the Board agree with Barrow's argument urging reversal. We conclude that Musil had no clear right to the relief she sought and that, therefore, the district court erred in granting the writ of mandamus. We reverse.

## STATEMENT OF FACTS

This case involves the rezoning of approximately 20 acres of land south of and adjacent to Hansen, Nebraska, an unincorporated village in rural Adams County. Sometime prior to November 2002, Musil bought the property. At the time Musil bought the property, it was zoned for agricultural use pursuant to the Adams County comprehensive plan. Musil intends to develop the property as a residential subdivision called "Huskerland Estates," consisting of approximately 12 tracts.

After some preliminary procedural matters not relevant to our resolution of this case, Musil filed the controlling rezoning petition seeking to rezone the property from agricultural to residential. A protest was filed by owners of other land located within 300 feet of the property proposed to be rezoned.

On June 19, 2003, the "Adams County, Nebraska Area Planning and Zoning Commission" took up Musil's rezoning petition and voted unanimously to recommend to the Board that the petition be denied. On June 24, two motions were made to the Board in connection with Musil's rezoning petition. The first motion was to amend the county's comprehensive plan, and the second motion was to amend the county's zoning map. Each motion was passed by the Board by a vote of 4 to 3.

The Board again took up Musil's rezoning petition at its August 19, 2003, meeting. At that meeting, two resolutions relative to Musil's rezoning petition were read into the record: one to amend the comprehensive plan to change the property from agricultural to residential and one to amend the zoning map to change the property from agricultural to residential. The Board rejected both resolutions by a vote of 6 to 1.

On December 15, 2003, Musil filed a petition for writ of mandamus against the individual members of the Board in the district court for Adams County. The Board filed its response to the mandamus petition on January 20, 2004. On March 22, Barrows filed a petition to intervene in the mandamus action. The intervention petition was sustained. The mandamus petition hearing was held on July 21. The parties submitted a stipulation of facts that was received as an exhibit. The district court relied upon the stipulation in rendering its decision in this case.

In an order filed September 14, 2004, the district court granted Musil's request for a writ of mandamus. In its order, the district court noted that the Board, relying on the language of the Adams County zoning regulations, opposed issuance of the writ and claimed that the votes taken on June 24, 2003, were of no legal consequence because the votes were taken on "motions" and not on "resolutions." The Board's position was that the resolutions were controlling and that the resolutions had been rejected. The court noted that, in contrast, Musil claimed "the votes taken by the . . . Board at the June meeting effectively changed the classification of her land from a classification of agricultural to residential." The district court agreed with Musil's analysis and concluded in its order that "nothing . . . required that the June 24, 2003, action of the . . . Board needed to be . . . voted on again in order to become a valid and binding act." The court ordered the Board to amend its comprehensive plan and zoning map "to reflect the action taken by the [B]oard at its June 24, 2003 meeting with respect to the rezoning request by . . . Musil." Thereafter, both Barrows and the Board filed notices of appeal. Because Barrows filed her notice of appeal first, pursuant to Neb. Ct. R. of Prac. 1C (rev. 2003), Barrows is denominated the appellant.

## ASSIGNMENT OF ERROR

Barrows assigns several errors, including the dispositive claim that the district court erred in issuing the writ of mandamus because Musil failed to demonstrate that she had a clear right to the relief sought in the petition for writ of mandamus.

## STANDARD OF REVIEW

■ The interpretation of statutes and regulations presents questions of law, in connection with which an appellate court has an obligation to reach an independent conclusion irrespective of the decision made by the court below. *Tyson Fresh Meats v. State*, 270 Neb. 535, 704 N.W.2d 788 (2005).

## ANALYSIS

Barrows and the Board assert on appeal that Musil had no clear right to the relief she sought in her petition for mandamus and that, therefore, the district court erred when it granted the writ and directed the Board to rezone the property at issue. In

response, Musil claims that the activity of the Board at the meeting of June 24, 2003, was sufficient to require the rezoning and that the district court did not err when it granted the writ and directed the Board to rezone. We agree with Barrows and the Board that Musil is not entitled to relief, and we conclude that the district court erred in issuing the writ of mandamus.

Mandamus is a law action and is defined as an extraordinary remedy, not a writ of right, issued to compel performance of a purely ministerial act or duty, imposed by law upon an inferior tribunal, corporation, board, or person, where (1) the relator has a clear right to the relief sought, (2) there is a corresponding clear duty existing on the part of the respondent to perform the act, and (3) there is no other plain and adequate remedy available in the ordinary course of the law. *State ex rel. Jacob v. Bohn, ante* p. 424, 711 N.W.2d 884 (2006); *Ways v. Shively*, 264 Neb. 250, 646 N.W.2d 621 (2002). The general rule is that an act or duty is ministerial if there is an absolute duty to perform in a specified manner upon the existence of certain facts. *Id.* In a mandamus action, the party seeking mandamus has the burden of proof and must show clearly and conclusively that such party is entitled to the particular thing the relator asks and that the respondent is legally obligated to act. *Id.*

Barrows and the Board direct our attention to the minutes of the Board meeting of June 24, 2003, which show that Musil's rezoning petition was considered at a public hearing concerning amending the comprehensive plan and zoning map. Relative to Musil's rezoning petition, a motion to amend passed by a 4-to-3 vote. Barrows and the Board also direct our attention to the minutes of the Board meeting of August 19, which show that resolutions to amend the comprehensive plan and zoning map were voted on and that each was rejected by a 6-to-1 vote.

Barrows and the Board claim that the motions of June 24, 2003, were of no legal consequence and that amendment of the comprehensive plan and zoning map for rezoning purposes can only be accomplished by a "resolution." In support of their argument, Barrows and the Board rely on portions of article 10 of the Adams County zoning regulations. Article 10 is entitled "Amendment," and the record shows that Musil's rezoning petition was considered a matter of amendment. Article 10, § 1003.02, provides

that amendments affecting zoning boundaries must be accomplished by "resolution/ordinance" adopted by the Board, and Barrows and the Board assert that this provision demonstrates that a "resolution," not merely a "motion," is required for rezoning. At the trial level, the foregoing argument distinguishing between a motion and a resolution was made to the district court and rejected as "semantics."

In considering the arguments of Barrows and the Board, we refer to the Nebraska statutes. Neb. Rev. Stat. § 23-114(1) (Cum. Supp. 2004) provides that with respect to zoning, "[t]he county board shall have power . . . (d) to adopt a zoning resolution, which shall have the force and effect of law . . . ." We believe this statutory provision when read in connection with § 1003.02 controls the outcome of this case, and we conclude that pursuant to § 23-114(1)(d) and § 1003.02, actions with respect to the zoning issue in this case are to be effectuated by "resolution."

This court and other authorities have previously differentiated among various actions that can be taken by inferior tribunals, corporations, boards, or persons. For example, we recently were called upon to distinguish to the extent necessary between an "ordinance" and "resolution" in connection with the participation of a city and others in the creation of an entity involving community revitalization, transportation, and drainage-flood control improvements. *Kubicek v. City of Lincoln*, 265 Neb. 521, 658 N.W.2d 291 (2003). Compare *Read v. City of Scottsbluff*, 139 Neb. 418, 297 N.W. 669 (1941) (stating that city council may act on most administrative matters by motion, resolution, or ordinance). See, also, *California-Oregon Power Co. v. City of Medford*, 226 F. 957 (D. Or. 1915) (stating that amendment to city charter could not be brought on by "motion" as distinguished from "ordinance" or "resolution"); *State ex rel. Commt. for the Referendum of Ordinance No. 3543-00 v. White*, 90 Ohio St. 3d 212, 736 N.E.2d 873 (2000) (stating that city council could not repeal rezoning ordinance by approving "motion" to rescind as distinguished from enacting new "ordinance").

■ It has been stated elsewhere, and we agree, that if the mode or manner by which a certain action is to be taken is prescribed in a statute or charter, that method must generally be followed. *Cumnock v. City of Little Rock*, 154 Ark. 471, 243 S.W.

57 (1922). Under § 23-114(1)(d) and art. 10, § 1003.02, the rezoning action Musil sought in the instant case was required to be taken up as a "resolution." Based on the foregoing, we agree with Barrows and the Board that the motions of June 24, 2003, were of a different character than the resolutions of August 19 and that the former were merely an expression of possible future action favorable to Musil, whereas the latter were in fact a rejection of Musil's petition for rezoning.

Contrary to Musil's assertion and the conclusion of the district court, the mere motions of June 24, 2003, were not sufficient to require that Musil's rezoning request be implemented, and, on the contrary, the resolutions rejected on August 19 denied Musil's request for rezoning. Musil did not show clearly and conclusively that she was entitled to the relief of rezoning that she sought, and the Board was not legally obligated to rezone. See, *State ex rel. Jacob v. Bohn, ante* p. 424, 711 N.W.2d 884 (2006); *Ways v. Shively*, 264 Neb. 250, 646 N.W.2d 621 (2002). The district court erred in issuing the writ of mandamus directing the rezoning, and we reverse the order issuing the writ.

## CONCLUSION

Musil was not entitled to the writ of mandamus ordering the rezoning of the property, and we reverse the order of the district court granting the writ of mandamus.

REVERSED.

WRIGHT, J., not participating.